*Exhibit A*

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.    Chad T. Wilson
      Thomas J. Landry
      CHAD T WILSON LAW FIRM PLLC
      455 East Medical Center Blvd., Suite 555
      Webster, Texas 77598
      (832) 415-1432 – Telephone
      (281) 940-2137 – Facsimile
      tlandry@cwilsonlaw.com
      cwilson@cwilsonlaw.com
      eservice@cwilsonlaw.com
      **Attorneys for Plaintiff**

2.    Dale M. "Rett" Holidy
      rholidy@germer.com
      James A. Tatem, III
      jtatem@germer.com
      GERMER PLLC
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile
      **Attorneys for Defendant**

### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### JOE HUGHES VS. STATE FARM LLOYDS

      (a)    Plaintiff's Original Petition
      (b)    Return Citation for State Farm
      (c)    Notice of Nonsuit of Allen Robertson
      (d)    Defendant State Farm Lloyds' Original Answer
      (e)    Docket Sheet

*Exhibit A*

Received and E-Filed for Record
7/2/2019 9:47 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

19-07-09080

CAUSE NO. _____

| | | |
|---|---|---|
| JOE HUGHES, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| STATE FARM LLOYDS | § | |
| AND ALLEN ROBERTSON, | § | |
| | § | **Montgomery County - 284th Judicial District Court** |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Joe Hughes, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of State Farm Lloyds ("State Farm") and Allen Robertson ("Robertson") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Joe Hughes, resides in Montgomery County, Texas.

3. Defendant, State Farm Lloyds, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm Lloyds through its registered agent for service: Corporation Services Company 211 East 7th Street, Suite 620, Austin, Texas 78701. Plaintiff requests service at this time.

*Exhibit A*

4.    Defendant Allen Robertson is an individual resident of San Antonio, Texas. Robertson may be served with citation at the address listed with the Texas Department of Insurance: **24927 Birdies Green, San Antonio, Texas 78258.** Plaintiff requests service at this time.

## JURISDICTION

5.    The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Robertson because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owns an State Farm Lloyds homeowner's insurance policy, number 53-BZ-E162-8 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at

2

24773 Beulah Lane Montgomery, Texas 77316 ("the Property").

10. State Farm or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. State Farm has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about March 18, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 536652Z45 to Plaintiff's claim.

13. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents and flashings. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: dining room, kitchen, hallway, master bedroom and laundry room.

15. State Farm assigned or hired Robertson to adjust the claim.

   a. Robertson had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Robertson. The valuation of damages that were

3

*Exhibit A*

included in Robertson's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Robertson.

b.  Furthermore, Robertson was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Robertson had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Robertson made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

d.  Robertson made further misrepresentations to Plaintiff during his inspection. Robertson used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.  State Farm, through its agents, namely Robertson, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.  The initial adjustment of the claim occurred on or around February 5, 2019. Robertson found that there was no damage from a covered peril to the roof of the property.

4

*Exhibit A*

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $79,317.07.

20. Since due demand was made on April 18, 2019, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly.   Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm failed to provide full coverage due under the Policy.

22. As a result of State Farm's failure to provide full coverage, along with State Farm's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23. State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, State Farm refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of

the insurance contract between State Farm and Plaintiff.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to

settle Plaintiff's claim in a fair manner, even though Defendants were aware of their

liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay

Plaintiff's coverage due under the Policy.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide

Plaintiff a reasonable explanation for not making the full payment under the terms of the

Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair

Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full

coverage due to Plaintiff under the terms of the Policy. Specifically, State Farm, through

its agents, servants, and representatives, namely Robertson, performed an outcome-

oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and

inequitable evaluation of Plaintiff's losses on the Property.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt

Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or

deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary

information.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt

*Exhibit A*

Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

33. State Farm's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

7

35.   State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.   State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.   State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.   State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.   State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.   State Farm's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

8

*Exhibit A*

41. All allegations above are incorporated herein.

42. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43. State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44. State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. All allegations above are incorporated herein.

46. State Farm's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. All allegations above are incorporated herein.

*Exhibit A*

49.    State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    State Farm represented to Plaintiff that the Policy and State Farm's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    State Farm also represented to Plaintiff that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.      State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.      State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.     Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.     All allegations above are incorporated herein.

52.     State Farm is liable to Plaintiff for common-law fraud.

53.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

11

54.    State Farm made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT ALLEN ROBERTSON

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

55.    All allegations above are incorporated herein.

56.    Robertson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57.    Robertson is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of State Farm, because Robertson is a "person," as defined by TEX. INS. CODE §541.002(2).

58.    Robertson knowingly underestimated the amount of damage to the Property. As such, Robertson failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

59.    Furthermore, Robertson did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

60.    Robertson's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61.  Robertson's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.  All allegations above are incorporated herein.

63.  Robertson's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Robertson pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Robertson. Specifically, Robertson's violations of the DTPA include the following matters:

A.  By this Defendant's acts, omissions, failures, and conduct, Robertson has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Robertson's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Robertson represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

13

C.     Robertson represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Robertson's actions are unconscionable in that Robertson took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Robertson's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Robertson's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.     Each of Robertson's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Robertson, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**FRAUD**

65.     All allegations above are incorporated herein.

66.     State Farm assigned or hired Robertson to adjust the claim.

a.     Robertson had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Robertson. The valuation of damages that were

14

*Exhibit A*

included in Robertson's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Robertson.

b. Furthermore, Robertson was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Robertson had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Robertson made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Robertson made further misrepresentations to Plaintiff during his inspection. Robertson used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

**NEGLIGENCE**

67. All allegations above are incorporated herein.

68. Robertson was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

15

    b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Robertson's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Robertson was an agent or employee of Defendant State Farm.

71. Robertson's unreasonable inspection was performed within the course and scope of his duties with Defendant State Farm. Therefore, State Farm is also liable for the negligence of Robertson through the doctrine of respondeat superior.

**GROSS NEGLIGENCE**

72. All allegations above are incorporated herein.

73. Robertson's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Robertson's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

*Exhibit A*

    b.   Robertson had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.    Robertson intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of State Farm. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77.    Since the claim was made, State Farm has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue

hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiff's Property is currently estimated at .

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money State Farm owed, and exemplary damages.

85.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of

*Exhibit A*

the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

*Exhibit A*

90.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
jury consisting of citizens residing in Montgomery County, Texas.  Plaintiff hereby tenders
the appropriate jury fee.

### PRAYER

Plaintiff prays that Defendants, State Farm Lloyds and Allen Robertson, be cited and
served to appear, and that upon trial hereof, Plaintiff,  Joe Hughes, has and recovers from
Defendants, State Farm Lloyds and Allen Robertson, such sums as would reasonably and justly
compensate Plaintiff in accordance with the rules of law and procedure, as to actual,
consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade
Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition,
Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs
of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed
by law; and for any other and further relief, at law or in equity, to which Plaintiff, Joe Hughes,
may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

21

*Exhibit A*

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tom Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

*Exhibit A*

# CITATION

Cause Number: 19-07-09080

Clerk of the Court                          Attorney Requesting Service
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     State Farm Lloyds
        Registered Agent Corporation Service Company
        211 E 7th Street
        Suite 620
        Austin TX 78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand and Request for Disclosure was filed in said court on this the 2nd day of July, 2019 numbered 19-07-09080 on the docket of said court, and styled, Joe Hughes VS. State Farm Lloyds, Allen Robertson

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 3rd day of July, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Ryan Rendon_     Signed: 7/3/2019 12:33 PM
_____
Ryan Rendon, Deputy

## OFFICER'S RETURN

Cause No. 19-07-09080                    Court No: 284th Judicial District Court
Style: Joe Hughes VS. State Farm Lloyds, Allen Robertson
To:          State Farm Lloyds
Address:     Registered Agent Corporation Service Company
             211 E 7th Street
             Suite 620
             Austin TX 78701-3218

Came to hand the ~~21~~ day of ~~July~~ , 20~~19~~ , at *12* o'clock, and executed in *Travis*
County, Texas by delivering to each of the within named defendants in ~~person~~, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's
Original Petition, Jury Demand and Request for Disclosure at the following times and places, to wit:

Name          Date/Time    %    Place, Course and distance from Courthouse
*State Farm Lloyds   7-31-2019   (Corporation Service Company, 211 E 7th St # 620 Austin, Texas 78701*

Manner of service: *CMR # 7019 0140 0000 4210 6825*

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is: _____
_____

And information received as to the whereabouts of said defendant(s) being: _____
_____

FEES:
Serving Petition and Copy    $_____

TOTAL                        $*75*         *Heather Bork* ~~OFFICER~~
                                           *Dallas* County, Texas
AFFIANT                                    By: *Heather Bork* , ~~Deputy~~
                                               *PSC # 8133  Exp 2/28/20*

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:
My full name is *Heather Lenore Bork*        Declarant/Authorized Process Server
My date of birth is *5/24/78* , and my address is
*5930 LBJ Fwy # 307, Dallas, TX 75240* .    ID# & Exp. Of Certification
I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT               SWORN AND SUBSCRIBED ON
Executed in *Travis* , County, State of
*TX* , on the *24th* day of *July* , 20*19* .   *8/12/19*
                                             DATE
*Heather Bork*
Declarant/Authorized Process Server
*PSC # 8133  Exp 2/28/20*
ID# & Exp. Of Certification                  NOTARY

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

*Exhibit A*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received *Kyle Ratzlaff* C. Date of Delivery |
| 1. Article Addressed to:<br><br>*State Farm Lloyds* %<br>**CORPORATION SERVICE COMPANY**<br>**211 E. 7th STREET., #620**<br>**AUSTIN, TEXAS 78701** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>*Kyle Ratzlaff* |
| 9590 9402 4679 8323 4962 41 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>    il Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7019 0140 0000 4210 6825 | |

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

*Exhibit A*

Received and E-Filed for Record
7/30/2019 1:07 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO.19-07-09080

| | | |
|---|---|---|
| JOE HUGHES, | § | IN THE JUDICIAL COURT OF |
| | § | |
|     *PLAINTIFF*, | § | |
| | § | |
| V. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| STATE FARM LLOYDS AND ALLEN ROBERTSON, | § | |
| | § | |
|     *DEFENDANTS*. | § | 284th DISTRICT COURT |

---

**NOTICE OF NON-SUIT WITHOUT PREJUDICE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Plaintiff, Joe Hughes, ("Plaintiff") and files this Notice of Non-Suit without Prejudice and respectfully request that the Court dismiss without prejudice all of Plaintiffs' claims against Defendant, Allen Robertson.

    Plaintiff hereby gives notice to the Court and to all parties that they are taking a non-suit without prejudice as to all claims asserted against Allen Robertson immediately upon filing of this notice. This Notice does not apply to any claims against Defendant State Farm Lloyds.



**GRANTED**

Signed: 7/30/2019 02:37 PM



*Exhibit A*

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Thomas J. Landry*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Houston, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

Minute
30th of July, 2019

*Exhibit A*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing *Notice of Non-Suit without Prejudice* has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this Tuesday, July 30, 2019.

### *<u>Via Electronic Service:</u>*

State Farm Lloyds
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701
Telephone: (214) 732-5000
Facsimile: (844) 236-3646
Email: statefarmclaims@statefarm.com

*<u>/s/ Chad T. Wilson</u>*

*Exhibit A*

Received and E-Filed for Record
8/16/2019 10:54 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

## CAUSE NO. 19-07-09080

| | | |
|---|---|---|
| **JOE HUGHES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS AND.** | § | |
| **ALLEN ROBERTSON** | § | **284TH JUDICIAL DISTRICT** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

## I.
## GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.

## DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

*Exhibit A*

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent…

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

d.      as often as we reasonably require:

(1)     exhibit the damaged property;

(2)     provide us with records and documents we request and permit us to make copies

(3)     submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

*Exhibit A*

7.      **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

8.      **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    \* \* \* \* \*

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    \* \* \* \* \*

    i.  mold, fungus or wet or dry rot….

    l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

        (4) maintenance;

    c.  weather conditions.

9.    **Flood, Surface Water or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

**SECTION I – LOSSES NOT INSURED**

> 2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…
>
> *  *  *  *  *
>
> c.    **Water Damage**, meaning:
>> (1)    Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
>> (2)    water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
>> (3)    water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
>> (4)    material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.
>
> *  *  *  *  *
>
> d.    **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

10.    **Personal Property.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

*Exhibit A*

**COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

    d.   **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

**SECTION I - LOSSES NOT INSURED**

    2.   We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

    **11.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

    **12.**    **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

    **13.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear

*Exhibit A*

and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.     **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

16.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

### IV.
### JURY DEMAND

17.     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that

*Exhibit A*

Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

*Exhibit A*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 16th day of August, 2019.

<u>VIA E-SERVICE</u>

Chad T. Wilson
Tom Landry
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598


**DALE M. "RETT" HOLIDY**

*Exhibit A*

# Envelope ID :36024871

# Case Number : 19-07-09080

# Case Type

| | |
|---|---|
| **Jurisdiction :** Montgomery County - 284th Judicial District Court | **Case Category :** Civil - Contract |
| **Case Type :** Debt/Contract - Debt/Contract < $200,000 | **Filer Type :** Not Applicable |
| **Payment Account :** File & ServeXpress CC | **Attorney :** James Tatem |
| **Case Number:** 19-07-09080 | |
| **Client Matter ID:** 99287 | **Date Filed:** 8/16/2019 10:54:38 AM |

# Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Defendant | Allen Robertson | 24927 Birdies Green , San Antonio , Texas , 78258 |
| ☑ | Defendant | State Farm Lloyds | Registered Agent, Corporation Service Company , 211 E. 7th Street Suite 620 , Austin , Texas , 78701-3218 |
| | Plaintiff | Joe Hughes | 455 E Medical Center Blvd, Ste 55 , Webster , Texas , 77598 |

# Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Submitted** cancel | Answer/ Response (Lead Document) **Note to Clerk:** | Defendant State Farm Lloyds' Original Answer | Hughes - Answer for State Farm.pdf | | | | Contains sensitive data | Defendant State Farm Lloyds' Original Answer | $0.00 |

*Exhibit A*

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|--------|-------------|--------------------|--------------------|--------------------|--------------------|--------------------|--------------------|--------------------|------|
| **Submitted** cancel | No Fee Documents (Lead Document) **Note to Clerk:** | Demand for Jury Trial | Hughes - Jury Demand.pdf | | | Jury Fee(1 * $40.00) | Contains sensitive data | Demand for Jury Trial | $40.00 |

**Responsible for Filing Fees :** State Farm Lloyds

**Send Accepted Notifications To:**

## Service Contact 7

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|---------------|--------|-------------|--------|-------------|
| Yes | Candace McCullough | cmccullough@cwilsonlaw.com | Yes | | Sent | Unopened |
| Yes | Chad Wilson | cwilson@cwilsonlaw.com | Yes | | Sent | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | Yes | State Farm Lloyds | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | Yes | State Farm Lloyds | | Unopened |
| Yes | Firm Service | eservice@cwilsonlaw.com | Yes | | Sent | Unopened |
| No | Jim Tatem | jtatem@germer.com | Yes | State Farm Lloyds | | Unopened |
| Yes | Thomas Landry | tlandry@cwilsonlaw.com | Yes | | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |

*Exhibit A*

| Allowance Charge Reason | Amount |
|---|---|
| Total Court Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

Skip to Main Content  Logout My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 19-07-09080

| Joe Hughes VS. State Farm Lloyds, Allen Robertson | § | | |
|---|---|---|---|
| | § | Case Type: | **Contract** |
| | § | | **Consumer/Comm/Debt** |
| | § | | **>$100,000 but <$200,000** |
| | § | Date Filed: | **07/02/2019** |
| | | Location: | **284th Judicial District Court** |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **Robertson, Allen** 24927 Birdies Green San Antonio, TX 78258 | | |
| **Defendant** | **State Farm Lloyds** Registered Agent, Corporation Service Company 211 E. 7th Street Suite 620 Austin, TX 78701-3218 | | **Dale M Holidy** *Retained* 713-650-1313(W) |
| **Plaintiff** | **Hughes, Joe** 455 E Medical Center Blvd, Ste 555 Webster, TX 77598 | | **Chad T. Wilson** *Retained* 832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| 07/30/2019 | **Partial Dismissal** (Judicial Officer: Bays, Kristin) Comment (Notice of Non-Suit without Prejudice (as to Defendant Allen Robertson only)) |
|---|---|

**OTHER EVENTS AND HEARINGS**

| 07/02/2019 | **Original Petition (OCA)** |
|---|---|
| 07/02/2019 | **E-Filed Original Petition Document** |
| 07/02/2019 | **Jury Trial Requested** |
| 07/02/2019 | **Jury Fee Paid** |
| 07/02/2019 | **Request For Service** |
| 07/03/2019 | **Citation** |
| | Robertson, Allen  Unserved |
| 07/03/2019 | **Citation** |
| | State Farm Lloyds  Unserved |
| 07/30/2019 | **Order Granting Nonsuit** |
| 07/30/2019 | **E-Notice Envelope Number:** |
| 08/02/2019 | **Affidavit** |
| 08/13/2019 | **Return of Service** |
| 08/15/2019 | **Motion (No Fee)** |
| 08/15/2019 | **Proposed Order** |
| 08/15/2019 | **Notice** |
| 08/16/2019 | **Original Answer** |
| 08/16/2019 | **Jury Trial Requested** |
| 08/16/2019 | **Jury Fee Paid** |
| 08/16/2019 | **Docket Control Order** |
| 08/30/2019 | **Submission**  (9:00 AM) (Judicial Officer Bays, Kristin) |
| 02/18/2020 | **Jury Trial**  (9:00 AM) (Judicial Officer Bays, Kristin) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** State Farm Lloyds Total Financial Assessment Total Payments and Credits **Balance Due as of 08/29/2019** | | 40.00 40.00 **0.00** |
| 08/16/2019 | Transaction Assessment | | 40.00 |
| 08/16/2019 | E-File Electronic Payment  Receipt # 2019-242436 | State Farm Lloyds | (40.00) |
| | **Plaintiff** Hughes, Joe Total Financial Assessment Total Payments and Credits **Balance Due as of 08/29/2019** | | 348.00 348.00 **0.00** |

*Exhibit A*

| 07/02/2019 | Transaction Assessment | | | 332.00 |
| 07/02/2019 | E-File Electronic Payment | Receipt # 2019-237510 | Hughes, Joe | (332.00) |
| 07/03/2019 | Transaction Assessment | | | 16.00 |
| 07/03/2019 | E-File Electronic Payment | Receipt # 2019-237551 | Hughes, Joe | (16.00) |